# UNITED STATES *v.* DENVER AND RIO GRANDE RAILROAD COMPANY AND OTHERS.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF COLORADO.

No. 4. Argued October 10, 1893. — Decided October 23, 1893.

In this case the court follows its rulings in No. 3, *ante*, 1.

THE case is stated in the opinion.

*Mr. Solicitor General* for plaintiff in error.

*Mr. Edward O. Wolcott,* (with whom was *Mr. Joel F. Vaile* on the brief,) for defendants in error.

MR. JUSTICE JACKSON delivered the opinion of the court.

This case is controlled by the decision of this court rendered in the case of the *United States* v. *Denver and Rio Grande Railway Co.* The pleadings and the agreed statement of facts[1] present substantially the same questions as are discussed

---

[1] *Agreed Statement of Facts.*

It is agreed:

1. That the timber sued for in said action was cut by J. J. Carpenter, X. L. Carpenter, and H. S. Carpenter, as agents of the Denver and Rio Grande Railroad Company, for the use of said company.

2. That the complaint in said action shows the amount of timber cut, and that the same was used as railroad ties.

3. That said timber was cut upon public, unoccupied, and unentered lands of the United States, in Gunnison County, Colorado.

4. That the lands from which said timber was cut were along, near, or adjacent to the line of railway of said company.

5. That one-half of the timber cut, as aforesaid, was cut on lands adjacent or near to the portions of said line of railway which were constructed prior to June 8th, 1882, and the other half of said timber was cut from lands near to, adjacent, and along portions of said line of railway constructed and completed after June 8th, 1882.

6. That the line of railway of the Denver and Rio Grande Railway Company, predecessor in interest and ownership to the Denver and Rio Grande Railroad Company, had not been completed to Santa Fé, on June 8th,

and decided in the suit against the railway company.   The
defendant in this case is the successor in title of the Denver
and Rio Grande Railway Company, and complied with all the
requirements of the act of 1875.   The timber, with which it
was sought to be charged, was taken early in 1886 for use as
cross-ties.   About one-half of this timber was taken from the
public lands adjacent to the line of the company's road in
Montrose County, Colorado, and was used on that portion
of its line constructed after June 8, 1882.   The rest of the
timber was taken from public lands adjacent to the line, con-
structed prior to June 8, 1882, lying east of Cebolla.   The
court below held that the defendant had a right to take tim-
ber from public lands east of Cebolla for the purpose of
repairing its line constructed prior to June 8, 1882, but had
no right to take timber from that portion of the line for the
purpose of constructing new switches and side tracks along
the line of road completed subsequent to June 8, 1882, and for
this item, amounting to $1120, the defendant was held liable,
and acquiesced in that judgment.   The plaintiffs in error seek
for a reversal of the judgment on the ground that it improp-

1882, nor has said line of railway ever been so completed either by the
Denver and Rio Grande Railway Company or by the Denver and Rio Grande
Railroad Company.

7. That one-fourth of the ties cut, as aforesaid, were used by the Denver
and Rio Grande Railroad Company upon various portions of the line of
railway formerly owned by the Denver and Rio Grande Railway Company,
and subsequently owned by the Denver and Rio Grande Railroad Company,
and which portions were constructed and completed prior to June 8th, 1882,
said ties being used for purposes of repairs.

8. That one-fourth of said timber has been used in the construction of
new switches and side tracks along the line of road completed subsequent
to June 8th, 1882.

9. That the remaining one-half of the ties so cut either have been or are
intended to be used in the construction of new extensions of said railroad,
now in process of building between Montrose and Ouray.

10. That the said Denver and Rio Grande Railroad Company has strictly
complied with all the provisions of the act of Congress approved March 3d,
1875, granting railroads a right of way through the public lands, and is
claiming under said act as to all road constructed since June 8th, 1882, and
as to road now in process of construction.

erly relieved defendant from liability for the rest of the timber.

We are of opinion that there was no error in the judgment of the Circuit Court, and the same is accordingly

*Affirmed.*